IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ME-WUK INDIAN COMMUNITY<br>OF THE WILTON RANCHERIA,<br>4380 Fallow Drive<br>Sacramento, CA 95823-4419,<br><br>          Plaintiff,<br><br>v.<br><br>DIRK A. KEMPTHORNE,<br>*in his official capacity as*<br>*Secretary of the Interior*,<br>1849 C Street, NW<br>Washington, DC 20240-0002;<br><br>          Defendant. | Case No. 1:07CV00412 (RL) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND TO SUSPEND OBLIGATION TO ANSWER IN THE DISTRICT OF COLUMIBA

COMES NOW Plaintiff, ME-WUK INDIAN COMMUNITY OF THE WILTON RANCHERIA, by and through its undersigned counsel, respectfully submits this Response and Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue and to Suspend Obligation to Answer in the District of Columbia made pursuant to 28 U.S.C. §1404(a). Plaintiff opposes this Motion for the reasons as set forth in the accompanying Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Transfer Venue and to Suspend Obligation to Answer in the District of Columbia.

Dated: May 7, 2007                               Respectfully submitted,


/s/ Travis W. Trueblood
Travis W. Trueblood (D.C. Bar No. 474797)
TRUEBLOOD LAW GROUP, P.A.
P.O. Box 1270
Moore Haven, FL  33471-1270
863.946.9160
863.946.9162 (fax)
ttrueblood@truebloodlawgroup.com

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND TO SUSPEND OBLIGATION TO ANSWER IN THE DISTRICT OF COLUMBIA

### PRELIMINARY STATEMENT

Defendant seeks transfer of this action to the Eastern District of California under 28 U.S.C. § 1404(a) (2007). Additionally, Defendant seeks to suspend its obligation to answer Plaintiff's Complaint in the District of Columbia. Plaintiff filed the instant action in Federal District Court for the District of Columbia alleging the Secretary of the Department of the Interior's (the "Secretary") breach of fiduciary duties; unlawfully withheld or unreasonably delayed agency action; failure to conclude a matter within a reasonable time; and arbitrary and capricious agency action. (Pl.'s Compl. ¶¶ 84-106.) Plaintiff's prayer for relief includes, *inter alia*, an order directing the Secretary to publish a list of federally recognized tribes, bands and communities that includes the Plaintiff and an order directing the Secretary to declare that Plaintiff is eligible for the protection, services, and benefits of the federal government available to Indian tribes. (Pl.'s Compl. at p. 24-25.) Also included in Plaintiff's prayer for relief is a request for an order directing the Secretary take into federal trust a parcel of land owned by the Plaintiff within a 25-mile radius of the Tribe's original reservation (the "Wilton Rancheria"). (*Id.* at p. 25.)

Despite Defendant's assertions to the contrary, Plaintiff's Complaint does not implicate the Wilton Rancheria or any parcel of land that would not be in the Plaintiff's possession. Rather, Plaintiff's causes of action challenge the Secretary's actions (or inactions) made in the District of Columbia. Plaintiff's prayer for relief seeks as possible redress that the Secretary exercises his authority to restore the Plaintiff's federal

recognition as an Indian Tribe and take Plaintiff's privately controlled land into federal trust. Such relief requires action by the Secretary, who is located within the District of Columbia. As a result, the grant of the relief sought by Plaintiff would have an insubstantial impact on the local interests of the Eastern District of California. Thus, Defendant has failed to prove that transfer of this action is in the greater interest of justice.

Defendant has also failed to prove that transfer of this action to the Eastern District of California is of greater convenience to the parties and witnesses. In view of all relevant factors, Defendant failed to meet the criteria set forth by 28 U.SC. § 1404(a) to warrant transfer of this action. Accordingly, Defendant's motion should be denied.

## ARGUMENT

**I.    Defendant's Motion was filed in violation of LCvR 7(m).**

The instant case as filed is a civil action governed by the Rules of the United States District Court for the District of Columbia. Local Rule 7(m) states:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is a nondispositive motion because its outcome will not determine any claims on the merits or eliminate any claims from the action. *See, e.g., Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997) (holding that the term "dispositive motion" includes a

2

motion that, if granted, "would result either in the determination of a particular claim on the merits or elimination of such a claim from the case.").

Defendant failed to meet the requirements of Local Civil Rule 7(m). Plaintiff's counsel was never contacted by Defendant's counsel in person, by telephone, or otherwise to ascertain Plaintiff's opposition to the relief sought in Defendant's Motion. Moreover, Defendant's Motion is void of any written statement that such a discussion occurred and of Plaintiff's opposition to the requested relief. Pursuant to 28 U.S.C. § 2071(a) and Rule 83 of the Federal Rules of Civil Procedure, district courts have the power to enact Local Rules governing their practice, procedure and conduct of business. Local Rules have the force of law to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution. *See Weil v. Neary*, 278 U.S. 160, 169 (1929); *United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 112 (2d Cir.1984). *See also, Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997).

Defendant is not excused from complying with Local Civil Rule 7(m) by virtue of its status as a federal government defendant. Local rules apply to everyone, and litigants must undertake sufficient investigation to ensure that they comply with procedural and substantive requirements of the district. *See generally Karella v. Ameritech Information Systems, Inc.*, 953 F.Supp. 945 (N.D. Ill. 1996). District courts enjoy broad latitude in administering local rules and in the exercise of that discretion, district courts are entitled to demand adherence to specific mandates contained in rules. *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994).

II.  **Transfer of this Case to the Eastern District of California is inappropriate under 28 U.S.C. § 1404.**

Defendant's Motion seeks transfer of this action under 28 U.S.C. §1404(a) which affords this Court the discretionary power to transfer cases to another viable district or division "for the convenience of parties and witnesses, and in the interest of justice . . . ." *Id.*

The Defendant bears the burden of proving that the "balance of convenience of the parties and witnesses and interest of justice are in its favor." *Shawnee Tribe v. United States,* 298 F. Supp. 2d 21, 23 (D.D.C. 2002), *citing Armco Steel Co. v. CSX Corp.,* 790 F. Supp. 311, 323 (D.D.C. 1991), *quoting Consolidated Metal Products Inc. v. American Petroleum Institute,* 569 F. Supp. 773, 774 (D.D.C. 1983).

Furthermore, Plaintiffs are granted deference in their choice of forum, though such deference is reduced somewhat when the chosen forum is not a Plaintiff's home forum. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981); *Shawnee Tribe,* 298 F. Supp. 2d at 25 (plaintiff's choice of foreign forum afforded some deference, but is not a "paramount consideration").

**A. Adjudication of this case in the current venue is in the interest of justice.**

The District Court for the District of Columbia is the appropriate venue to adjudicate this action. Plaintiff's causes of action principally call into question action that occurred and continues to occur in the District of Columbia. More specifically, Plaintiff primarily asserts continuous claims against the Secretary's repeated failure to restore the Plaintiff as a federally recognized Indian tribe; rather than as Defendant alludes, the Secretary's purported termination of the Tribe under the Act of August 18, 1958, Pub. L.

4

No. 85-671, 72 Stat. 619, as amended by the Act of August 11, 1964, Pub. L. No. 88-419, 78 Stat. 390 ("California Rancheria Act").

As important, Plaintiff's prayer for relief seeks redress that can only be carried out by the Secretary or by the Secretary's direct delegation of such duties to the Assistant Secretary of Indian Affairs. *See* 25 U.S.C. §§ 463(e) and (f) (Secretary's authority to take land into trust for benefit of tribes); 25 C.F.R. § 83.10 (detailing Assistant Secretary's process of petitions for federal recognition and restoration by Tribes).

Accordingly, maintenance of this action in the District Court for the District of Columbia is in the interest of justice in view of the considerations set forth above and the deference afforded Plaintiff's choice of forum.

### B. Transfer of the case to the Eastern District of California is not in the interests of justice.

Nevertheless, it is Defendant's burden to prove that transfer of this action is in the greater interest of justice. *Shawnee Tribe*, 298 F. Supp. 2d at 23. Defendant has failed to meet this burden. In support of its request for transfer, Defendant attempts to paint this matter as implicating significant local interests in the Eastern District of California, thus warranting adjudication of this matter in that forum. Defendant relies on *Shawnee Tribe*, 298 F. Supp. 2d at 21 and *Southern Utah Alliance v. Norton*, 315 F. Supp. 2d 82 (D.D.C. 2004) in support of its contentions. Yet, Defendant's reliance on *Shawnee Trfibe* and *Southern Utah Alliance* is misplaced.

In *Shawnee Tribe*, the Plaintiff filed a complaint and motion for preliminary injunction against several governmental agencies and officials seeking to halt the disposal of a 9.065 acre former military plant to the general public. *Shawnee Tribe*, 298 F. Supp. 2d at 22. The Government Defendants moved to the Court to transfer the action to the

5

District Court for the District of Kansas. *Id.* The Court granted the Government's motion based primarily on the "local interest in deciding a sizeable local controversy" in the proposed forum. *Id.* at 26. In the case at bar, no such "sizeable local" interest is at stake. Plaintiff does not seek the relief in the form of acquisition of property from the United States or infringement upon the public's interest, as in *Shawnee Tribe*. Rather, the Plaintiff seeks only that the Secretary exercises his authority to take land into trust of property already in the Tribe's possession. Thus, the potential localized impact of such action is insubstantial.

In *Southern Utah Alliance* this Court considered, *inter alia*, whether disputed National Environmental Policy Act violations involving the sale of leases on twenty-one parcels of land used for oil and gas mining presented a significant local interest. *Southern Utah Alliance*, 315 F. Supp. 2d at 88. The Court found a sufficient localized interest because the management of oil and gas land could have an effect on the citizens and environment of the area. *Id.* at 88-89 (failure to conduct an environmental impact statement and operation of mines could severely affect land). In the case at bar, no such threat to the localized interests exists. The Plaintiff merely seeks that land already in its possession be taken into trust by the Secretary. Surely, the potential local impact of taking land in the Plaintiff's possession into trust is substantially less than the impact of not disposing 9,065 acres to the public in *Shawnee Tribe* and the operation of oil and gas mines in *Southern Utah Alliance*.[1]

---

[1] Defendant also cities to a number of cases in which transfer was granted against Tribes who brought suit in the District Court for the District of Columbia. (*See* Def.'s Mem. 6-7; Ex. A-D.) These cases are distinguishable from the case at bar because they demonstrate a significant local interest primarily in the form of challenges to ongoing gaming operations. *Id.* Thus, as in *Shawnee Tribe* and *Southern Utah Alliance* the potential local

Defendant also asserts that Plaintiff's Complaint implicates laws and regulations of specific application to California; namely the California Rancheria Act. (Defendant's Memorandum of Law in Support of is Motion for Transfer and Suspension of Obligation to Answer in the District of Columbia ("Def.'s Mem.") 5.)  However, a review of Plaintiff's causes of action, as set forth *supra*, reveals no predication on the California Rancheria Act. Rather, Plaintiff's causes of action present claims in which this Court is acutely familiar.  *See, e.g.*, Edward Rubin, *It's Time to Make the Administrative Procedure Act Administrative*, 89 Cornell L. Rev. 95, 138 (2003) ("The District of Columbia [is] the dominant . . . venue" for actions based on the APA).

Furthermore, although implementation of California Rancheria Act led to considerable litigation, said litigation took place primarily in the Northern District of California and largely in the form of class action suits brought by individuals. *See, Scotts Valley v. United States*, C-86-3660-WWS (N.D. Cal. 1991); *Table Mountain Rancheria Ass'n v. Watt*, C-80-4595-MHP (N.D. Cal. 1984); *Tillie Hardwick v. United States*, C-79-1710 SW (N.D. Cal. 1983); *Big Sandy v. Watt*, C-80-3757-MHP (N.D. Cal. 1983); *Duncan v. Andrus*, 517 F. Supp. 1 (N.D. Cal. 1981); *Table Bluff Band v. Andrus*, 532 F. Supp. 255 (N.D. Cal. 1981); *Upper Lake Pomo Ass'n v. Watt*, No. C-750181 (N.D. Cal. 1979); *Smith v. United States*, 515 F. Supp. 56 (N.D. Cal. 1978).  Consequently, any claim to the Eastern District of California's expertise in such restoration cases is unfounded.  Therefore, transfer of this action to the Eastern District of California would result in no increased judicial familiarity with the issues at bar.

---

interests implicated by the litigation in those cases far surpass any potential local interest invoked by the Plaintiff in the current instance.

### C. Transfer of the case to the Eastern District of California will be an inconvenience to the parties and witnesses.

Defendant bears the burden of proving that transfer of the case would be more convenient for the parties and witnesses; not just that transfer of the case would be equally convenient. *Shawnee Tribe*, F. Supp. 2d at 23 ("balance of convenience" in transferring case to another forum must weigh heavily in favor of movant), *citing Gross v. Owen*, 221 F.2d 94, 95 (D.C.Cir. 1955); *Trout Unlimited v. United States Dep't of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996) (private interests courts should consider in deciding motions for transfers under 28 U.S.C. § 1404(a) include "the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants."). Thus, Defendant must prove that the new forum would be, at least to some degree, more convenient to both the parties and witnesses; even considering the lessened deference given to Plaintiff's choice of a foreign forum.

### i. Transfer of this case to the Eastern District of California would be less convenient for the parties.

Defendant asserts that transfer of this action would be more convenient for the parties because Plaintiff is a resident of the Eastern District of California. However, Defendant offers no proof other than residence as a basis for determining Plaintiff's convenience. *See also, Smirnoff v. Heublein*, 936 F. Supp. 177, 186 (D. Del. 1996) (a plaintiff may have legitimate, rational reasons for choosing a forum other than its "home turf," thus plaintiff's deference in choosing another forum should not be eliminated).

Defendant also asserts that it is fully prepared to litigate this matter in the Eastern District of California; and thus transfer of this action would be convenient for Defendant. (Def.'s Mem. 5.) However, Defendant has provided no proof of such preparedness other

than the statement contained in its Memorandum of Law in support of its motion. *Id.* In any event, it cannot be assumed that it is any more convenient for Defendant, the Secretary of a federal agency, to litigate this case in California rather than the current forum. Thus, Defendant's assertion of its own preparedness should be immaterial to this Court's evaluation of the "balance of convenience" in determining whether transfer is warranted. *Shawnee Tribe*, F. Supp. 2d at 23. *See also* Cass R. Sunstein, *Participation, Public Law, and Venue* Forum, 49 U. Chi. L. Rev. 976, 984 (1982) ("Venue in the District of Columbia will be convenient for the government and its representatives. . . In terms of convenience to the United States, the District of Columbia is obviously the optimal forum").

Finally, Defendant contends that potential third-parties may wish to intervene in this action. However, speculation concerning the convenience of any potential third-party interveners is of no consequence to the Court's evaluation here and Defendant has offered no proof as to the likelihood of such intervention. *See e.g., David v. Alphin*, Slip op. WL39400 (N.D. Cal. 2007) (When 3rd Party "[i]ntervention [is] a real possibility, but . . . has not occurred yet." Then "plaintiffs choice of forum remains entitled to deference and weighs against transfer.").

### ii. Transfer of this case to the Eastern District of California would be less convenient for potential witnesses.

Defendant also alludes that it would be more convenient for potential witnesses in this action to testify in the Eastern District of California. (Def.'s Mem. 2.) Yet, Defendant again has failed to provide any specific proof of such potential witnesses, their likelihood of testifying, or the importance of that potential testimony. Thus, Defendant

has failed to meet its burden to prove that transfer of this case would be of greater convenience for potential witnesses.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue and to Suspend Obligation to Answer in the District of Columbia should be denied.


Dated: May 7, 2007                                    Respectfully submitted,


/s/ Travis W. Trueblood
Travis W. Trueblood (D.C. Bar No. 474797)
TRUEBLOOD LAW GROUP, P.A.
P.O. Box 1270
Moore Haven, FL  33471-1270
863.946.9160
863.946.9162 (fax)
ttrueblood@truebloodlawgroup.com

10