# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

ME-WUK INDIAN COMMUNITY OF THE
WILTON RANCHERIA,
7201 Sunbreeze Lane
Sacramento, CA  95828-6263,

        Plaintiffs,

        v.

DIRK KEMPTHORNE,
In his official capacity as Secretary of the Interior,
1849 C Street, NW
Washington, DC  20240-0002,

        Defendants.

WILTON MIWOK RANCHERIA, a formerly
federally-recognized Indian tribe, ITS
MEMBERS,
9300 W. Stockton Blvd.
Elk Grove, CA  95624
and DOROTHY ANDREWS,
9418 Rancheria Drive
Wilton, CA  95693

        Plaintiffs-in-Intervention

Case No.  1:07-CV-00412 (RCL)

**ORAL
ARGUMENT
REQUESTED**

## MOTION TO INTERVENE

The Wilton Miwok Rancheria, a formerly federally-recognized Indian tribe, its Members
and Dorothy Andrews (hereinafter referred to as "Plaintiffs/Intervenors" or "Plaintiffs in the
California action"), pursuant to the authorization of the Wilton Miwok Rancheria Tribal Council,
the only representative body of the Tribe recognized by the United States, respectfully move,
pursuant to Fed. R. Civ. P. 24 and LCvR 7, to intervene in this action to assert claims that the
nominal Plaintiff in this action, Me-Wuk Indian Community of the Wilton Rancheria (who
purport to represent the Tribe, but are not authorized by the Tribal Council to bring this action

filed in the District of Columbia), has failed to assert in its Complaint.[1]  Attached hereto are

Plaintiffs/Intervenors' Memorandum of Points and Authorities, Declarations of John Nyhan,

Mary Tarango and Anita Franklin, a Proposed Order, and a Proposed Complaint in Intervention,

as required by Fed. R. Civ. P. 24(c).  For the reasons set forth below and in the attached

Memorandum of Points and Authorities, Plaintiffs/Intervenors respectfully request that the Court

grant their Motion to Intervene in this matter, as follows:

## INTRODUCTION

1.      In order to put this Motion into context, Plaintiffs/Intervenors summarize in their

Memorandum of Law below, relevant historical information concerning the Tribe's formation,

its unlawful termination under the California Rancheria Act of 1958, its attempts to regain

federal recognition in litigation filed in 1979 in the Northern District of California, the erroneous

dismissal of members of Plaintiffs/Intervenors' Tribe from that litigation in 1983, the filing of a

new action in the Northern District of California on May 21, 2007, to remedy the Tribe's

wrongful termination and the reasons why Plaintiffs/Intervenors should be allowed to intervene

in or otherwise join this action.

## GROUNDS FOR THIS MOTION TO INTERVENE

2.      Plaintiffs/Intervenors submit that the action filed in this Court by the nominal

Plaintiff, Me-Wuk Indian Community, (hereinafter referred to as the "DC Action") is not

authorized by the governing body of the Wilton Miwok Rancheria, which is the only entity

recognized by the United States to represent members of the Wilton Miwok Rancheria.  As

shown in the Declarations of Anita Franklin and Mary Tarango, Co-Chairpersons of the Wilton

Miwok Rancheria Tribe, filed concurrently herewith, counsel who filed the action in the name of

---

[1]      In accordance with LCvR 7(m), the undersigned discussed this Motion with Sara Culley, counsel for the United States via telephone, who stated that Defendant does not oppose this Motion to Intervene.  The undersigned also contacted counsel for nominal Plaintiff Me-Wuk Indian Community of the Wilton Rancheria, Travis Trueblood, via telephone to discuss the motion to intervene.  Mr. Trueblood was substituted as attorney of record on or about May 4, 2007 and stated that his client will likely oppose this motion (Nyhan Dec. ¶¶15, 16.)

nominal Plaintiff Me-Wuk Indian Community never had any contact with recognized Tribal leadership of Wilton Miwok Rancheria and the filing of that action in this Court was not authorized by the Tribal Council. (Declaration of Anita Franklin, filed concurrently herewith, ¶ 12; Declaration of Mary Tarango, filed concurrently herewith, ¶ 12.) The Tribal Council has been pursuing federal recognition for at least 8 years and is the only entity which has been recognized by the Department of the Interior's Bureau of Indian Affairs ("BIA") as the authorized representatives of Wilton Miwok Rancheria. (Franklin Dec. ¶ 7; Tarango Dec. ¶ 7 and Exhibit B thereto.) (*See also*, correspondence attached as Exhibit 2 to Defendant's Reply in Support of Defendant's Motion to Transfer Venue, etc. filed May 15, 2007.)

      3.      The action filed by Plaintiffs/Intervenors on May 21, 2007 in the Northern District of California *Wilton Miwok Rancheria, et al v. Kempthorne, et al.* C-07-02681 (JF) (hereinafter referred to as the "California Action") and the Complaint-In-Intervention they seek to file in this Court are substantially identical and are related to *Tillie Hardwick, et al. v. United States of America, et al.* No. C-79-01710 (N.D. Cal.) (Complaint filed in 1979) (hereinafter referred to as "*Hardwick*") pending in the Northern District of California before the Honorable District Court Judge Jeremy Fogel, as that term is defined in the Northern District's Civil Local Rule 3-12(a) in that both actions concern substantially the same parties, property, transaction or event; and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. On May 23, 2007, the California Action was reassigned to Judge Fogel, who has been handling the *Hardwick* litigation since 2004.

      4.      If allowed to intervene, Plaintiffs/Intervenors will seek to have their action, together with the action filed by nominal Plaintiff herein in this District, transferred to the Northern District of California, where venue is proper.

5.      Plaintiffs/Intervenors seek to intervene or otherwise join in this action pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, Fed. R. Civ. P. 24(b) in order to obtain redress for violation of the California Rancheria Act.

6.      Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right, as follows:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

7.      Alternatively, Plaintiffs/Intervenors seek the Court's permission to intervene pursuant to Fed. R. Civ. P. 24(b)(2). Rule 24(b)(2) provides that, upon timely application, an applicant may be permitted to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). When determining whether intervention is proper under Rule 24(b)(2), "the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

8.      Plaintiffs/Intervenors have a concrete and immediate stake in the outcome of this litigation if they are to be restored as a federally-recognized Indian Tribe and obtain redress for violation of the California Rancheria Act. Plaintiffs/Intervenors have a compelling interest in asserting their claim for restoration in their effort for self-determination and self-sufficiency. Obtaining recognition is also a pre-requisite to Plaintiffs/Intervenors' qualification for numerous other rights and benefits under Federal law. Accordingly, Plaintiffs/Intervenors have a substantial stake in every aspect of this proceeding.

9.    Plaintiffs/Intervenors' direct and unique interests in this case cannot be fully represented by the existing parties. The nominal Plaintiff in the District of Columbia action has expressly disavowed any attempt to remedy the effects of the California Rancheria Act on the Tribe.

10.    Plaintiffs/Intervenors are most familiar with the underlying facts of this case and most keenly interested in its speedy resolution. Intervention will not delay adjudication of this matter or prejudice the other parties in any way.

11.    Defendant, in his Reply in Support of Defendant's Motion to Transfer Venue, at page 5, admits that "there is sizeable local interest regarding Plaintiffs' suit." Defendant attaches as Exhibit 1 to his Reply correspondence submitted by Plaintiffs/Intervenors to the Office of the Solicitor of the Department of the Interior regarding Plaintiffs/Intervenors' efforts to restore their federal recognition and concludes at page 6: "Because these claims are undoubtedly intertwined, there can be no question that the members of the alleged Wilton Miwok Rancheria will have a local interest regarding Plaintiffs' suit" and in footnote 3, that "The presence of these competing interests in California concerning the Wilton Rancheria demonstrates that it is appropriate to transfer this litigation." Accordingly, the requirements for intervention as of right under Rule 24(a)(2) are satisfied.

12.    For the same reasons, the requirements of Rule 24(b)(2), for permissive intervention, are also satisfied.

13.    As demonstrated by Defendant's Reply quoted above, the requirements for joinder under Rule 19(a) and 20(a) are also satisfied.

14.    By filing their proposed Complaint in Intervention as they are required to do pursuant to Fed. R. Civ. P. 7(a), made applicable by Fed. R. Civ. P. 24(c), Plaintiffs/Intervenors

in no way intend to relinquish the opportunity to file any appropriate challenge to nominal Plaintiff's complaint pursuant to the Federal Rules of Civil Procedure.

15.    Plaintiffs/Intervenors have concurrently herewith moved to transfer this action to the Northern District of California in San Jose and submitted their opposition to the Defendant's motion to transfer this action to the Eastern District of California in Sacramento. If that motion is granted, Plaintiffs/Intervenors will request that this action be related to the *Hardwick* litigation pending in the Northern District of California, on the ground that Judge Fogel is familiar with the *Hardwick* litigation and the impact of the California Rancheria Act on Class members and that it would be in the interests of justice to have the matters raised in these actions considered by him. The California action filed by Plaintiffs/Intervenors in this case was reassigned to Judge Fogel on May 23, 2007.

16.    Plaintiffs/Intervenors respectfully suggest that the most efficient use of the Court's resources would be to allow them to intervene and to grant the proposed motion to transfer the action to the Northern District of California.

Dated: May 25 2007

Respectfully submitted,

**FREDERICKS & PEEBLES LLP**
CHRISTINA V. KAZHE
JOHN NYHAN
ROSE WECKENMANN

By: _____
    JOHN NYHAN (DC BAR No. 467082)
    Attorneys for Plaintiffs-in- Intervention,
    WILTON MIWOK RANCHERIA, a
    formerly federally recognized Indian
    Tribe, ITS MEMBERS, and DOROTHY
    ANDREWS

6

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION TO INTERVENE

Plaintiffs WILTON MIWOK RANCHERIA, a formerly federally-recognized Indian

tribe, ITS MEMBERS, and DOROTHY ANDREWS (hereinafter referred to as "Tribe,"

"Plaintiffs in the California action" or "Plaintiffs/Intervenors"), pursuant to authorization of its

Tribal Council, the only representative body of the Tribe recognized by the United States,

respectfully submit, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Rule 7(b)

and 24 and LCvR 7(a), this Memorandum of Points and Authorities in Support of their Motion to

Intervene in the above-captioned case. These Plaintiffs seek to intervene in this action as a

matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, by permission pursuant to

Fed. R. Civ. P. 24(b) to assert claims that the nominal Plaintiff in this action, Me-Wuk Indian

Community of the Wilton Rancheria, has failed to assert in its Complaint. For the reasons set

forth below, the Tribe respectfully requests that the Court grant the Tribe's Motion to Intervene

in this matter as follows:

### INTRODUCTION

Plaintiffs/Intervenors, on May 21, 2007, filed in the United States District Court for the

Northern District of California their complaint substantially identical to the proposed complaint-

in-intervention lodged in this matter, together with an Administrative Motion To Consider

Whether Plaintiffs' complaint should be related to another action pending in the Northern

District of California entitled *Tillie Hardwick, et al. v. United States of America, et al.* No. C-79-

1710 (JF)(PVT) (hereinafter referred to as "*Hardwick*"). That motion is made pursuant to

Northern District of California Civil Local Rule 3-12(a) on the grounds that both actions concern

substantially the same parties, property, transaction or event and it appears likely that there will

be an unduly burdensome duplication of labor and expense or conflicting results if the cases are

conducted before different judges. The California Action has been assigned to Judge Fogel.

It is Plaintiffs/Intervenors' intention, if they are allowed to intervene in this action, to promptly file opposition to the Defendant's motion to transfer this action to the Eastern District of California in Sacramento and move instead, to have this action transferred to the Northern District of California in San Jose, and, if that motion is granted, request that these actions be related to the *Hardwick* litigation pending in the Northern District of California, on the ground that the Honorable United States District Court Judge Jeremy Fogel is familiar with the *Hardwick* litigation and the impact of the California Rancheria Act on the members of the Class certified in *Hardwick* and that it would be in the interests of justice to have the matters raised in these actions considered by Judge Fogel.

Plaintiffs/Intervenors summarize below relevant historical information concerning the Tribe's formation, its unlawful termination under the California Rancheria Act of 1958, its attempts to regain federal recognition in litigation filed in 1979 in the Northern District of California, the erroneous dismissal of members of the Tribe from that litigation in 1983, the filing of a new action in the Northern District of California on May 21, 2007 to remedy the Tribe's wrongful termination and the reasons why Plaintiffs/Intervenors should be allowed to intervene in this action.

## **BACKGROUND**

A.    Formation and Termination of the Wilton Miwok Rancheria.

The Wilton Miwok Rancheria was established in 1934 and purportedly terminated in 1964 pursuant to the California Rancheria Act of 1958 (72 Stat. 619). 29 F.R. 13147. Following termination, the United States distributed tribal landholdings to the adult members of the Wilton Miwok Rancheria. *See* Plan of Distribution approved August 18, 1958 attached to the Declaration of John Nyhan ("Nyhan Dec.") filed concurrently herewith, as Exhibit A).

B.    The *Hardwick* Litigation in the Northern District of California.

In 1979, plaintiffs representing a class of distributees of the formerly federally recognized California Indian tribes filed a Complaint for damages against the United States, its Department of the Interior and Department Officers and specific State of California County Tax Assessors, citing various federal statutes and common law causes of action in the United States District Court for the Northern District of California captioned *Tillie Hardwick, et al. v. United States* (C-79-1710-SW) (N.D. Calif.).  That lawsuit sought to undo the illegal termination of the Tribes pursuant to the California Rancheria Act, Public Law 85-671 of 1958, by restoration of the California Indian tribes' federal status and restoration of their former Rancherias.  Two subsequent amendments to the *Hardwick* Complaint were filed.  The First Amended Complaint was filed in 1982, permitting the inclusion of additional counties as defendants and the Second Amended Complaint was filed in 1986, permitting certain newly reconstituted tribes to intervene in that action.

On February 28, 1980, the distributees of the Wilton Miwok Rancheria were certified as members of the plaintiff class in *Hardwick*.  The class consisted of all persons who received assets of the named rancherias pursuant to distribution plans prepared under the California Rancheria Act of 1958 or the Amended Rancheria Act of 1964, as well as their heirs and legatees, and all Indian successors in interest to the real property distributed under the Rancheria Act.  *See* Order Re: Class Certification (Feb. 28, 1980) (attached to the Nyhan Dec. as Exhibit B).

A stipulated judgment that among other things, restored the status of certain members of the plaintiff class as Indians under the laws of the United States, was entered in *Hardwick* in 1983.  *See* Order Approving Entry of Final Judgment in Action (Dec. 27, 1983) (attached to the Nyhan Dec. as Exhibit C).

Prior to entry of the stipulated judgment in *Hardwick*, the members of twelve rancherias,

including the Plaintiff/Intervenor herein, members of the Wilton Miwok Rancheria, were

dismissed from the plaintiff class. The Wilton Rancheria plaintiffs were dismissed on the

erroneous premise that "[n]o class member currently owns property within the original rancheria

boundaries." Certificate of Counsel Re Hearing on Approval of Settlement of Class Actions

(Nov. 16, 1983) (attached to the Nyhan Dec. as Exhibit D), states at page 9:

> Class members from twelve (12)[1] of the remaining seventeen rancherias
> represented in this action would be dismissed from this action without
> prejudice to their right to refile another action or other actions on their
> behalf. No class member from these rancherias currently owns real
> property within the original rancheria boundaries. The property was either
> sold to non-Indians when the rancheria was terminated and the proceeds of
> these sales distributed to rancheria members in lieu of deeds to individual
> parcels of property or all of the property originally distributed was
> subsequently sold to non-Indians.
>
> In either case the federal defendants are unwilling to re-assume
> responsibility for any of these rancherias without a final judicial
> determination of their obligation to do so. Plaintiffs attorneys do not
> concede that the sale of rancheria property precludes distributees from
> obtaining judicial relief for wrongful termination (in some cases these class
> members may have the most significant damages claims). However,
> plaintiffs believe that these rancherias do present unique considerations and
> that it does not make sense to delay relief for those rancherias upon which
> class members still reside, while the parties litigate these other issues.
> Accordingly, plaintiffs attorneys believe that it serves the interests of the
> entire class to sever these claims from those of the seventeen rancherias
> and to dismiss those claims from this action without prejudice.
>
> [fn1]    Alexander Valley would have been the thirteenth rancheria in this
> category but by oversight was omitted from the stipulation for entry of
> judgment and notice of settlement to the class. The parties propose to file a
> supplemental stipulation after the Court approves the current one and to
> obtain approval after notice to class members from Alexander Valley.

It was mistakenly believed that at termination, the tribal members of these rancherias had

either sold the rancheria property to non-Indians or distributed it to rancheria members who

subsequently sold it to non-Indians. *See* Stipulation for Entry of Judgment filed on July 19,

1983, ¶ 14 (attached to the Nyhan Dec. as Exhibit E) and the Declaration of Dorothy Andrews,

the only surviving original distributee of Wilton Rancheria land, dated May 18, 2007 filed in the

Northern District of California on May 21, 2007 (attached to the Nyhan Dec. as Exhibit G), at ¶

14-18. In any event, it was erroneously believed that the dismissed members of the plaintiff

class no longer owned any of the property that made up the former rancherias. *See* Nyhan Dec.

Exhibit D at page 9.

In 1983, the remaining plaintiffs and defendant, the United States, reached a stipulated

settlement in the *Hardwick* case. Paragraph 4 of the settlement states:

> "The Secretary of the Interior shall recognize the Indian Tribes, Bands,
> Communities, or groups of the seventeen rancherias listed in paragraph 1 as
> *Indian entities with the same status as they possessed prior to distribution
> of the assets of these rancherias under the California Rancheria Act,* and
> said Tribes, Bands, Communities and groups shall be included on the
> Bureau of Indian Affairs' Federal Register List of recognized tribal entities
> pursuant to 25 CFR, section 83.6(b). Said Tribes, Bands, Communities or
> groups of Indians shall be relieved from the application of the California
> Rancheria Act and shall be deemed entitled to any of the benefits or
> services provided or performed by the United States for Indian Tribes,
> Bands, Communities, or groups because of their status as Indian Tribes,
> Bands Communities or groups." (Emphasis Added.)

Paragraph 12 of the Stipulation for Entry of Judgment states that the United States District Court

for the Northern District of California shall retain jurisdiction over the *Hardwick* case. (Nyhan

Dec. Exhibit E at pp 6 - 7.)

C.    Plaintiffs/Intervenors Action Filed on May 21, 2007, in the Northern District of
      California

On May 21, 2007, Plaintiffs Wilton Miwok Rancheria, its Members and Dorothy

Andrews, Plaintiffs/Intervenors in this action, pursuant to authorization of the Tribal Council of

the Wilton Miwok Rancheria, filed an action in the Northern District of California against

various federal officials (including Dirk Kempthorne, Secretary of the Interior, the Defendant in

this action) for the unlawful termination of the Wilton Miwok Rancheria under the California

Rancheria Act of 1958, Pub. L. No. 85-671, 72 Stat. 619, *amended by* Pub. L. No. 88-419, 78

Stat. 390. That complaint, a copy of which is attached to the Nyhan Dec. as Exhibit F is

substantially identical to the proposed Complaint in Intervention lodged in this case. (Nyhan

Dec. ¶ 10.). Plaintiffs in the action filed in the Northern District of California are represented by

the undersigned counsel and seek restoration as a federally-recognized Indian Tribe and to

remedy the failure of the Secretary of the Interior to fulfill statutory obligations owed to the

Indian people of the Wilton Miwok Rancheria prior to the distribution in 1961 of the assets of

the Wilton Miwok Rancheria. (*Id.*) Plaintiffs in the California action also seek to remedy the

Secretary of the Interior's breach of fiduciary obligations owed by the United States to the

people of the Wilton Miwok Rancheria in the formulation and implementation of the Plan for

Distribution of the assets of the Wilton Miwok Rancheria approved August 18, 1958, in that the

Bureau of Indian Affairs ("BIA") failed to disclose facts, that if known to Plaintiffs, would have

affected their decision to approve the Distribution Plan; the BIA used undue influence in

obtaining Plaintiff's consent to termination; and the BIA acted imprudently in failing to meet

Sacramento County standards for water, roads and housing. Plaintiffs also seek to remedy the

failure of the Secretary of Health, Education and Welfare, to fulfill statutory obligations owed to

the Tribe and those individuals affected by the Rancheria Act prior to the distribution of the

assets of the Wilton Miwok Rancheria, including the failure to construct, install or otherwise

provide a sanitation system for the Wilton Miwok Rancheria.

Together with their complaint, Plaintiffs in the California action filed an Administrative

Motion To Determine If Plaintiffs' Case Is Related to the *Hardwick* case, described above.

(Attached to the Nyhan Dec., as Exhibit H). That motion is supported by the Declaration of

Dorothy Andrews (Nyhan Dec., Exhibit G) which establishes that the 1983 Stipulated Judgment

entered in the *Hardwick* case mistakenly omitted those members of the plaintiff class who were

members of Wilton Miwok Rancheria from the Stipulated Judgment based on the erroneous

assumption that the dismissed members of the plaintiff class no longer owned any of the property that made up the former Wilton Miwok Rancheria. The Administrative Motion is further supported by the Declaration of John Nyhan dated May 21, 2007, to which are attached relevant pleadings filed in the *Hardwick* case and in two other matters related to *Hardwick* filed in 2004 and 2006 in the Northern District of California. (The Ma 21, 2007 Nyhan Declaration filed in the Northern District of California is attached to the Nyhan Dec. filed concurrently herewith as Exhibit I.).

In December 2006, the Honorable United States District Judge Jeremy Fogel of the Northern District of California (San Jose Division) determined that litigation between the County of Madera and the Picayune Rancheria of the Chukchansi Indians pending before him involved members of the plaintiff class in *Hardwick* and issues relating to judgments entered in *Hardwick* and therefore, those cases were related to the *Hardwick* case. (*See* Orders dated May 20, 2004 attached to Nyhan Dec. as Exhibit J and Dec. 14, 2006, Exhibit K). Judge Fogel, in his order of December 14, 2006, determined that jurisdiction over matters related to the *Hardwick* case would remain in place. (Nyhan Dec. ¶ 14 and Exhibit L, p. 3).

## ARGUMENT

### I.    THE TRIBE IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Under Fed. R. Civ. P. 24(a), an applicant is entitled to intervene as of right if: (1) it files a timely application to intervene; (2) it has an interest relating to the property or transaction at issue in the action; (3) disposition of the action may impair or impede its ability to protect that interest; and (4) the existing parties may not adequately represent the intervenor's interest. Fed. R. Civ. P. 24(a)(2); *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998). As set forth below, these factors are satisfied in this case.

A.    **The Tribe's Application for Intervention is Timely**

In determining the timeliness of an application for intervention, courts consider all the

circumstances of a case. *See NAACP v. New York*, 413 U.S. 345, 365-66 (1973). Here, the

Motion to Intervene has been filed less than three months after the filing of the Complaint, and

before the filing of any responsive pleading. The Court has pending before it Defendant's

Motion to Transfer Venue and to Suspend Obligation to Answer in the District of Columbia,

which has not yet been set for hearing.

B.    **The Tribe's Interests**

Plaintiffs/Intervenors submit that the action filed in this Court by the nominal Plaintiff,

Me-Wuk Indian Community, is not authorized by the governing body of the Wilton Miwok

Rancheria, which is the only entity recognized by the United States to represent members of the

Wilton Miwok Rancheria. As shown in the Declarations of Anita Franklin and Mary Tarango,

Co-Chairpersons of the Wilton Miwok Rancheria Tribe, filed concurrently herewith, the Tribal

Council has been pursuing federal recognition for eight (8) years and is the only entity which has

been recognized by the BIA as the authorized representative of Wilton Miwok Rancheria since

1999. (Franklin Dec. ¶¶ 4-5) (*See also*, correspondence attached as Exhibit 2 to Defendant's

Reply in Support of Defendant's Motion to Transfer Venue, etc. filed May 15, 2007.) Counsel

who filed the action in the name of nominal Plaintiff Me-Wuk Indian Community never had any

contact with the duly elected and recognized Tribal leadership of Wilton Miwok Rancheria and

the filing of that action was not authorized by the Tribal Council. (Franklin and Tarango

Decs. ¶ 6).

Plaintiffs/Intervenors have a concrete and immediate stake in the outcome of this

litigation if they are to be restored as a federally-recognized Indian Tribe and obtain redress for

violation of the California Rancheria Act. Plaintiffs/Intervenors have a compelling interest in

asserting their claim for restoration in their effort toward self-determination and self-sufficiency.

Obtaining recognition is also a pre-requisite to Plaintiffs/Intervenor's qualification for numerous

other rights and benefits under Federal law. Accordingly, Plaintiffs/Intervenors have a

substantial stake in every aspect of this proceeding.

Defendant, in his Reply in Support of Defendant's Motion to Transfer Venue states at

page 5:

> Indeed, there is likely sizeable local interest regarding Plaintiffs' suit. The
> Department of the Interior has recently been contacted by Counsel of record, [the
> undersigned below] on behalf of an Indian group [Plaintiffs in the action filed in
> the Northern District of California and Intervenors here] which alleges it is the
> Wilton Miwok Rancheria."

Defendant attaches as exhibits to his Reply Brief correspondence and submissions by

Intervenors relating to:

> [F]ederal-tribal relations over the past 100 years . . . that its members are
> descendants of the Plains Miwok who have lived in the Sacramento Valley since
> time immemorial . . . seeks restoration as a federally-recognized Indian Tribe . . .
> grounds its claim on the reservation of the Wilton Rancheria . . . and alleges that
> this land was taken into trust by the United States on behalf of its ancestors . . ."
> pages 5-6.

Defendant concludes: "Because these claims are undoubtedly intertwined, there can be no

question that the members of the alleged Wilton Miwok Rancheria will have a local interest

regarding Plaintiffs' suit." In footnote 3 to his Reply, Defendant refers to his attached Exhibit 2,

letters concerning the representatives of the Wilton Tribal community and a mediation agreement

establishing the Interim Tribal Council with whom the United States has dealt exclusively since

1999. Defendant concludes: "The presence of these competing interests in California

concerning the Wilton Rancheria demonstrates that it is appropriate to transfer this litigation."

Accordingly, the requirements for intervention as of right under Rule 24(a)(2) are satisfied.

**C.     Disposition of the Action Could Impair the Tribe's Ability to Protect Its Interests**

For many of the same reasons, it is clear that "disposition of th[is] action may as a practical matter impair or impede [the Tribe's] ability to protect [its] interest[s] . . . ." Fed R. Civ P. 24(a)(2). The Tribe itself is actively attempting to regain its federal recognition status. Thus, any determinations made by this Court as to the merits of the claim that the Wilton Miwok Rancheria is entitled to federal recognition under the law would obviously impact the Tribe directly.

**D.     Plaintiff   Me-Wuk   Indian   Community   Cannot   Fully   Represent Plaintiffs/Intervenors' Interests**

To secure intervention, the Plaintiffs/Intervenors also must establish that their interest is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). This test is satisfied "if the applicant demonstrates that representation of his interest 'may be' inadequate; and the burden of making that showing should be minimal." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735-36 (D.C. Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Foster v. Gueory*, 655 F.2d 1319, 1325 (D.C. Cir 1981) (burden is "not onerous").

Plaintiffs/Intervenors meet this "inadequacy" test here because the nominal Plaintiff in the District of Columbia action has expressly disavowed any attempt to remedy the effects of the California Rancheria Act on the Tribe, the gravamen of the proposed Complaint in intervention. In their Opposition to Defendant's Motion to Transfer, they state at page 7:

> Defendant also asserts that Plaintiff's Complaint implicates laws and regulations of specific application to California; namely the California Rancheria Act. (Defendant's Memorandum of Law in Support of its Motion for Transfer and Suspension of Obligation to Answer in the District of Columbia ["Def.'s Mem."] 5.) However, a review of Plaintiff's causes of action, as set forth *supra*, reveals no predication on the California Rancheria Act. Rather, Plaintiff's causes of action present claims in which this Court is acutely familiar. *See, e.g.,* Edward Rubin, *It's Time to Make the Administrative Procedure Act Administrative,*

16

89Cornell L. Rev. 95, 138 (2003) ("The District of Columbia [is] the dominant . . . venue" for actions based on the APA).

## II.    ALTERNATIVELY, THE TRIBE IS ENTITLED TO INTERVENE PERMISSIVELY

In the alternative, Plaintiffs/Intervenors ask that the Court exercise its discretion to allow them to intervene permissively. Rule 24(b)(2) authorizes permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *Appleton v. FDA*, 310 F.Supp.2d 194, 196 (D.D.C. 2004). Permissive intervention is "an inherently discretionary enterprise." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). In exercising its discretion, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). The Tribe satisfies Rule 24(b)(12) for the same reasons listed above.

## CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiffs/Intervenors Motion to Intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, the Tribe asks that the Court grant it permission to intervene in accordance with Fed. R. Civ. P. 24(b)(2).

Dated:   May 25, 2007                     Respectfully submitted,

FREDERICKS & PEEBLES LLP
CHRISTINA V. KAZHE
JOHN NYHAN
ROSE WECKENMANN


By: _____
    JOHN NYHAN (DC BAR No. 467082 )
    Attorneys for Plaintiffs -in-Intervention
    WILTON MIWOK RANCHERIA, a
    formerly federally-recognized Indian
    Tribe, ITS MEMBERS, and DOROTHY
    ANDREWS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ME-WUK INDIAN COMMUNITY OF THE WILTON RANCHERIA, 7201 Sunbreeze Lane Sacramento, CA 95828-6263, | Case No. 1:07-CV-00412 (RCL) |

ME-WUK INDIAN COMMUNITY OF THE
WILTON RANCHERIA,
7201 Sunbreeze Lane
Sacramento, CA 95828-6263,

        Plaintiffs,

    v.

DIRK KEMPTHORNE,
In his official capacity as Secretary of the Interior,
1849 C Street, NW
Washington, DC 20240-0002,

        Defendants.

WILTON MIWOK RANCHERIA, a formerly
federally-recognized Indian tribe, ITS
MEMBERS,
9300 W. Stockton Blvd.
Elk Grove, CA 95624
and DOROTHY ANDREWS,
9418 Rancheria Drive
Wilton, CA 95693

        Plaintiffs-in-Intervention

Case No. 1:07-CV-00412 (RCL)

**NOTICE REGARDING BULKY EXHIBIT**

Pursuant to the procedures for filing documents electronically, this Notice serves as

notification that the following documents have been filed in paper form in the Clerk's Office.

1.    The Declaration of Anita Franklin in Support of Motion to Intervene, dated May

22, 2007.

2.    The Declaration of Mary Tarango in Support of Motion to Intervene, dated May

22, 2007.

3.    The Declaration of John Nyhan in Support of Motion to Intervene, dated May 25,

2007.

4.    Plaintiffs/Intervenors' Proposed Complaint in Intervention.

5.    Plaintiffs/Intervenors' Proposed Motion to Transfer Venue to the Northern

District of California and Opposition to Defendant Kempthorne's Motion to Transfer Venue to

the Eastern District of California.

Those documents that are not filed under seal are available in the Clerk's office for public

viewing and copying between the hours of 9:00 a.m. and 4:00 p.m. Monday through Friday.

Dated:  May 30, 2007                              Respectfully submitted,

                                                  FREDERICKS & PEEBLES LLP
                                                  CHRISTINA V. KAZHE
                                                  JOHN NYHAN
                                                  ROSE WECKENMANN


                                                  By:_____
                                                     JOHN NYHAN (DC BAR No. 467082 )
                                                     Attorneys for Plaintiffs-in-Intervention,
                                                     WILTON MIWOK RANCHERIA, a
                                                     formerly federally-recognized Indian
                                                     Tribe, ITS MEMBERS, and DOROTHY
                                                     ANDREWS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

ME-WUK INDIAN COMMUNITY OF THE
WILTON RANCHERIA,
7201 Sunbreeze Lane
Sacramento, CA 95828-6263,

            Plaintiffs,

       v.

DIRK KEMPTHORNE,
In his official capacity as Secretary of the Interior,
1849 C Street, NW
Washington, DC 20240-0002,

            Defendants.

WILTON MIWOK RANCHERIA, a formerly
federally-recognized Indian tribe, ITS
MEMBERS,
9300 W. Stockton Blvd.
Elk Grove, CA 95624
and DOROTHY ANDREWS,
9418 Rancheria Drive
Wilton, CA 95693

           Plaintiffs-in-Intervention

Case No. 1:07-CV-00412 (RCL)

## ORDER

      Presently before the Court is the Intervenors Wilton Miwok Rancheria, a formerly

federally-recognized Indian Tribe, and Its Members, and Dorothy Andrews' Motion to Intervene

in the above-captioned action.

      After thoroughly reviewing the submissions on this Motion, the Court finds that the

Motion to Intervene is hereby GRANTED.

**IT IS SO ORDERED**.

_____
Dated:

_____
The Honorable Royce C. Lamberth
United States District Court Judge