IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ME-WUK INDIAN COMMUNITY<br>OF THE WILTON RANCHERIA,<br>7201 Sunbreeze Lane<br>Sacramento, CA 95828-6263,<br><br>      Plaintiff,<br><br>v.<br><br>DIRK A. KEMPTHORNE,<br>*in his official capacity as*<br>*Secretary of the Interior*,<br>U.S. Department of the Interior<br>1849 C Street, NW<br>Washington, DC 20240-0002;<br><br>      Defendant. | Case No. 1:07CV00412 (RL) |

### PLAINTIFF'S JOINDER TO PLAINTIFF'S-IN-INTERVENTION REQUEST TO SCHEDULE STATUS CONFERENCE.

The Me-Wuk Indian Community of The Wilton Rancheria, (hereinafter referred to as Tribe) join in the request of the petitioning Plaintiffs-in-Intervention (hereinafter referred to as "Andrews et. al.") for a status conference with regards to the Court's determination of the two Motions before it, i.e. the Government's Motion to Transfer Venue to the eastern District and the petitioning Plaintiffs-in-Intervention's Motion to Intervene. The Motion to Intervene by Andrews et. al. raises profound threshold procedural issues, which should be addressed prior to the Court's ruling on the

1

Secretary's motion to transfer. These issues include 1) the *bona fides* of the Andrews et. al. parties, and the 2) the impact of the 28 U.S.C. §1407.

Specifically, the Tribe has serious concerns respecting the *bona fides* of representation of the Andrews et. al. class of *pendite* Plaintiffs. There are concerns that Andrews et. al.'s articulated interests are adverse to the Tribe[1] and that undisclosed parties are inappropriately involved in the directing the legal representation of Andrews et. al. or that inappropriate conflicts of interest may be in operation. Additionally, Andrews et. al. claim, at least nominally, to represent the Tribe, which is a serious and contested claim related to a determination of the real party in interest. These threshold issues require discovery and briefing.

Andrews et. al. initiated their action in the Northern District of California **after** this action was filed. Prior to Andrews et. al. attempted intervention, the Secretary moved to transfer this action to the Eastern District of California. As previously noted, the Tribe opposes transfer of this litigation. The pending action in the Eastern District of California and the Andrews et. al. attempted intervention, however, raises new legal issues related to multi-district litigation that were not briefed. See 28 U.S.C. §1407. The

---

[1] The Tribe has brought this action to challenge the illegal termination of the tribe via the Secretary's failure to include the Tribe on the list of federally acknowledged Tribes and the Secretary's failure to include the Tribe in services provided for all Tribes on said list. Among the Tribe's request for relief is to re-establish recognition of the tribe as a listed federally recognized Indian tribe. While it is somewhat unclear, it appears that Andrews et.al. are individual members of the Tribe seeking remedies that effectively seek to restore their individual parcels of land and enforce the termination of the tribe via a revival of the Tillie Hardwick case of 1983.

prior briefing in this case did not address issues related to multi-district litigation, which now are clearly present. As a general matter, the filing of two or more complaints in differing federal districts arising out of common transactions and events, and asserting common factual allegations, generally give rise to the principles and rules set forth in 28 USC §1407. *In re Air West, Inc. Sec. Litigation 384 F Supp 609, (1974, Jud Pan Mult Lit)* While the Secretary's initial motion to transfer these proceedings would not have implicated the statute, the *pendite* Intervenor's filing of another action in the Northern District of California has certainly implicated the statute.

Furthering complicating matters is the Defendant's Notice of Support for the Plaintiff's-in-Intervention Motion to Intervene in that said notice introduces asserted facts[2] and formally supports the Plaintiff's-in-Intervention Motion to transfer Venue to the Northern District, which is not before the Court. The Defendant has, in effect, notified the Court that it supports a transfer to the Northern District of California without first withdrawing its Motion to Transfer Venue to the Eastern District of California. The Tribe continues to argue that this case should not be transferred to a different district and should remain in the United Stated District Court for the District of Columbia as filed. However, the *pendite* intervention of Andrews et. al. raises threshold issues that demand resolution before any further order from this court.

---

[2] Neither the petitioning Plaintiffs-in-Intervention nor the Plaintiff nor any government document has ever asserted that there are more than one group of people of Me-Wuk Indian Community of the Wilton Rancheria descent. This unsupported statement serves to introduce a contested fact which would further complicate the case.

The Tribe supports the request for a scheduling conference to resolve these conflicting issues as well as to address discovery related to the bona fides of Andrews et. al as may be required by the Court. In any event, the Tribe requests that following this status conference, the Court should set a briefing schedule to address the issues respecting transfer, with proper consideration of 28 U.S.C. §1407.

Dated: October 11, 2007     By:  /s/ Joseph L. Kitto
                                 THE KITTO LAW FIRM
                                 Joseph L. Kitto (D.C. Bar No. 469760)
                                 5335 Wisconsin Avenue, NW
                                 Suite 440
                                 Washington, DC 20015
                                 (202) 686-4856
                                 (202) 244-8257 (fax)
                                 kitto@kittolawfirm.com
                                 DC Bar No. 469760


                                 /s/ Travis W. Trueblood
                                 TRUEBLOOD LAW GROUP, P.A.
                                 Travis W. Trueblood (D.C. Bar No. 474797)
                                 P.O. Box 1270
                                 Moore Haven, FL  33471-1270
                                 (863) 946-9160
                                 (863) 946-9162 (fax)
                                 ttrueblood@truebloodlawgroup.com

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on October 11, 2007 via ECF to:

Mr. Alex Kriegman
United States Department of Justice
PO Box 663
Washington, DC 20004

Ms. Sara Culley
U. S. Department of Justice
601 D Street, NW
Room 3135
Washington, DC 20004

Christina V. Kazhe
John Nyhan
Fredericks & Peebles LLP
1001 Second Street
Sacramento, CA 95814

/s/ Joseph L. Kitto