UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ME-WUK INDIAN COMMUNITY OF THE WILTON RANCHERIA, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 07-412 (RCL) |
| DIRK A. KEMPTHORNE, SECRETARY OF THE INTERIOR, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Now before the Court comes putative intervenor Wilton Miwok Rancheria's ("Wilton Miwok") motion [11] to intervene under FED. R. CIV. P. 24. Plaintiff, Me-Wuk Indian Community of the Wilton Rancheria ("Me-Wuk Indian Community"), opposes this motion and alternatively asks this Court to issue an order limiting the scope of claims to be set forth in Wilton Miwok's complaint-in-intervention. Upon consideration of the parties' filings, the applicable law, and the facts of this case, the Court finds that putative intervenor Wilton Miwok's motion to intervene will be GRANTED.

Upon deciding to grant Wilton Miwok's motion to intervene, this Court next considers defendant Secretary of the Interior, Dirk A. Kempthorne's ("Secretary") motion [5] to transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). After full consideration of the party's filings—including Wilton Miwok's proposed motion to transfer to the Northern District of California—and the facts and applicable law, this Court finds that the Secretary's motion to transfer venue to the Eastern District of California will be DENIED and

that the Court will order transfer to the United States District Court for the Northern District of California.

I.     **BACKGROUND**

On February 28, 2007, plaintiff Me-Wuk Indian Community filed suit in this Court seeking the Department of the Interior's Bureau of Indian Affairs' ("BIA") recognition as a federally recognized Indian tribe. Plaintiff seeks the protection, services, and benefits of a federally recognized tribe and asks this Court to direct the Secretary of the Interior to take into trust and define as "Indian country" and "restored lands" the designated area that lies within a 25-mile radius of the former site of the Wilton Rancheria. (Compl. ¶ 1.) This land, located in the Eastern District of California, was occupied by the federally recognized Wilton band of Me-Wuk Indians (the "Tribe") until 1964 when the Tribe became one of 41 California Indian tribes who had their federal recognition terminated as a result of the California Rancheria Act of 1958, Pub. L. No. 85-671, 72 Stat. 619 *amended by* Act of Aug. 1, 1964, P.L. 88-419, 78 Stat. 390. (BIA letter, Sept. 17, 2004, Ex. B to Franklin Decl.) Many of these tribes and their respective lands have been the subject of litigation seeking restoration of their federal status for almost three decades beginning with a 1979 class action—*Hardwick v. United States*—that to this day remains a pending matter in the Northern District of California. (Order certifying *Hardwick* class, Ex. B to Proposed Complaint-in-Intervention.) The Tribe was excluded from a group of *Hardwick* class members that received relief in a stipulated judgment in 1983. Wilton Miwok asserts that this exclusion was improper and its current leadership has been working to restore federally recognized status since at least as early as 1999. (BIA letter, Aug. 24, 2004, Ex. B to

2

Franklin Decl.)  Plaintiff Me-Wuk Indian Community bases its claim for restoration on alleged violations by the Department of the Interior of the Administrative Procedure Act.  5 U.S.C. § 500 *et seq.*

Earlier this year, putative intervenor in this case, Wilton Miwok, filed a complaint as plaintiff in the Northern District of California seeking restoration of the tribe's federal recognition.  (*See* Compl., *Wilton Miwok Rancheria v. Kempthorne*, Case No. C07-02681 (N.D. Cal. filed May 21, 2007) (the "California Suit")).

On May 29, 2007, this Court received Wilton Miwok's motion to intervene in this action. Wilton Miwok asserts that plaintiff is not authorized by the tribal council to bring suit on behalf of the Tribe and that the BIA recognizes Wilton Miwok as the only entity that represents members of the Tribe.  In support of this assertion, Wilton Miwok points to a letter from the BIA recognizing Ms. Mary Turango and Ms. Anita Franklin as representatives of the Tribe in its efforts to restore federal recognition.  (BIA Letter, August 24, 2004, Ex. B to Franklin Decl.) Both women serve as co-chairpersons of Wilton Miwok.  Me-Wuk Indian Community responds that it—not Wilton Miwok—is the body that enjoys the overwhelming support of the Tribe's membership as the entity authorized to pursue their legal rights.  (Williams Decl.; Sangmaster Decl.; Ltr. to Clay Gregory)

On April 23, 2007, the Secretary filed a motion to transfer venue to the Eastern District of California under 28 U.S.C. § 1404(a).  In Wilton Miwok's motion to intervene, it indicated that if the Court were to grant intervention, Wilton Miwok would seek transfer of this action to the Northern District of California and would oppose transfer to the Eastern District of California.  Wilton Miwok included a proposed motion to transfer venue as an exhibit to its

motion to intervene. Subsequent to receiving knowledge of Wilton Miwok's motion to intervene and its desire to transfer this matter to the Northern District of California, the Secretary filed a notice [17] indicating that he would now support transfer of this matter to the Northern District of California. Defendant stated that "[t]ransfer of this matter to the Northern District of California will permit the intertwined claims . . . to be decided in a venue where the local interest is compelling." (Notice at 2)  Because the Secretary filed this notice, the Court will deny its motion to transfer to the Eastern District of California and will consider the issue of proposed transfer to the Northern District of California that both the Secretary and Wilton Miwok now advocate.

      Wilton Miwok asserts that the underlying suit could have originally been brought in the Northern District of California and that that district would be significantly more convenient than the District of Columbia. As a basis for this claim, Wilton Miwok notes that both *Hardwick* and the substantially similar California Suit are related actions currently pending in the Northern District of California. Second, Wilton Miwok cites the Northern District of California's experience in restoration cases that involve the California Rancheria Act. (*See* Proposed Mot. to Transfer at 8–9)

      Plaintiff Me-Wuk Indian Community opposes transfer of this case from the District of Columbia and argues that such transfer would be inappropriate under 28 U.S.C. § 1404. Plaintiff argues that it is entitled to deference in its choice of forum and that the current venue is in the interest of justice. In support of this claim, plaintiff states that the cause of action centers upon action taken by the Secretary in Washington, D.C. and that redress of its injury can only be carried out by the Secretary and whomever he may choose to delegate his duties. (Opp. to

Transfer at 4–5). Following the logic of an action focused on Washington, D.C.–based decision-making, Me-Wuk Indian Community argues that transfer of the case would neither further the interest of convenience for the parties nor for potential witnesses.

## II.  ANALYSIS

### A.  Intervention

#### 1.  Legal Standard

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention. FED. R. CIV. P. 24. Rule 24(a) provides for intervention as of right, stating that:

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The rule indicates that an applicant's right to intervene depends on:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether the "applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties."

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *see also Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003). Additionally, an applicant must demonstrate that it has standing. *Jones*, 348 F.3d at 1017–18. In applying Rule 24, courts must remember that intervention is a tool of judicial efficiency—"a practical [way of] disposing of

lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

As an alternative to intervention as of right, Rule 24(b)(2) authorizes permissive intervention for an applicant who timely files a motion when an "applicant has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). In exercising its discretion, a Court must determine if a proposed permissive intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

### 2. Intervention of Right

As discussed below, Wilton Miwok meets each requirement of the intervention of right test outlined in Rule 24(a). Accordingly, this Court finds that Wilton Miwok is entitled to intervene in the current action.

#### i. Standing

To establish standing, prospective intervenors, like all plaintiffs, must show: injury-in-fact, causation, and redressability. *Fund for Animals*, 385 F.2d at 732–733. Wilton Miwok's standing is not contested by any party and this Court holds that Wilton Miwok, as the purported representative of the Tribe, has standing to intervene in this suit by reason of alleged injuries caused by withholding federal recognition of the Tribe—injuries which this Court has the power to redress.

#### ii. Timeliness

Timeliness is determined by all of the circumstances in a case and is determined by the court in the exercise of its sound discretion. *NAACP v. New York*, 413 U.S. 345, 365–66 (1973).

The timeliness of Wilton Miwok's motion to intervene is not contested and the Court finds that the motion, filed less than three months after the complaint, was filed timely.

### iii. Interest Relating to the Property or Transaction at Issue

Under Rule 24, an interest is adequate if it constitutes a "legally protectable" interest. *S. Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984); *see Stewart v. Rubin*, 948 F. Supp. 1077, 1105 (D.D.C. 1996) (Lamberth, J.) (stating that the interest must be "direct, substantial, and legally protectable"). Here, Wilton Miwok has a significant interest in being restored as a federally recognized Indian tribe as such recognition entitles tribes to the "immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, powers, limitations and obligations of such tribes." 25 C.F.R. § 83.2. Such an interest meets the "legally protectable" standard.

### iv. Impairment of Interest or Impediment to Protection of Interest

This Circuit has recognized that "*stare decisis* principles may in some cases supply the practical disadvantage that warrants intervention as of right." *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967) (citing *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 826–29 (5th Cir. 1967)). If this Court were to find against Me-Wuk Indian Community in the instant action, Wilton Miwok would likely be disadvantaged in future efforts to restore federal Indian tribe recognition because this Court expects that a decision here would receive "great weight" when the same or similar issues arise either before this District Court or those of California. *See id.* (emphasizing that although a putative intervenor may not be barred from raising the same issues

in a different proceeding, the putative intervenor could nevertheless be harmed by an unfavorable ruling on the issues in the case that was then before the court).

In addition to *stare decisis* principles, this Court finds that denial of tribe status would have a direct impact on putative intervenor because of the immediate negative effect the decision would have on the group's efforts to restore the benefits of federal tribe recognition, efforts that have been ongoing for years.

### v.     Adequate Representation of Interest by Existing Parties

The Supreme Court has offered guidance in determining whether a putative intervenor's interest is adequately represented by the existing parties:  "this 'requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'"  *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).  This requirement is "not onerous."  *Id.*; *see Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (describing the burden as "minimal").

Although plaintiff and putative intervenor both have a shared interest in obtaining federal Indian tribe recognition, the Court finds that Wilton Miwok has made the required "minimal showing" that its interest *may* not be adequately represented by Me-Wuk Indian Community. Wilton Miwok asserts claims seeking to gain federal recognition on at least one basis—that the tribe was improperly excluded from the 1983 *Hardwick* judgment—that differs from those bases upon which plaintiff Me-Wuk Indian Community relies.  Rather than labeling this basis for recovery as an unjustified broadening of the current litigation, this Court views the claim as an

alternate means to accomplish restoration of federal recognition—the main goal of both plaintiff and putative intervenor.

### 3. Permissive Intervention

Assuming *arguendo* that this Court had found that Wilton Miwok had no right to intervene under Rule 24(a), this Court, in its discretion, would still find it appropriate to grant permissive intervention under Rule 24(b). The Court finds that Wilton Miwok's claim shares common questions of law or fact with that of plaintiff's claim and further finds that intervention is appropriate in the instant case. Wilton Miwok has been pursuing federal recognition from the Department of Interior for several years and asserts that it—not plaintiff—is the only body recognized by the United States government to represent Tribe members. The facts necessary to assert Wilton Miwok's claim are essentially the same facts as those necessary to establish Me-Wuk Indian Community's claim for federal tribe recognition. Permitting intervention in the current action is thus appropriate and furthers the aims of judicial efficiency, one of the guiding principles of Rule 24. *See Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (noting the importance of considering efficiency in issues of intervention).

### 4. Effect of Proposed Intervention on Litigation's Scope

Plaintiff asserts that Wilton Miwok's motion must be denied because it impermissibly broadens the scope of the current litigation. *See Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001) (quoting *Ill. Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990)) (clarifying that "it is well settled in this circuit that '[a]n intervening party may join issue only on a matter that has been brought before the court by another party'"). The rationale for the general rule that intervenors are not permitted to enlarge the issues as they currently stand is the desire to

prevent intervenors from circumventing procedural rules by "simply intervening in another's lawsuit and expanding the scope of the issues presented therein." *Id.* In *Seminole Nation*, putative intervenors, the Freedmen, in effect admitted that they were acting to circumvent such procedural requirements because they intended to bring claims as intervenors that they were not able to assert in *Davis*, a concurrent case, because of sovereign immunity limitations. *Id.* Additionally, Judge Kollar-Kotelly revealed the Freedmen's attempt to intervene as a transparent effort to engage in impermissible "judge shopping" because the Freedmen intended to transfer *Davis* to the District of Columbia due to their dissatisfaction with the proceedings in the Western District of Oklahoma. *Id.* at 8.

In the case currently before this Court, Wilton Miwok does not suffer from the defects that proved fatal to the Freedmen's motion to intervene in *Seminole Nation*. Although Wilton Miwok may employ different theories and set forth different arguments than plaintiff, the central interest at issue remains constant. Both entities share an interest in obtaining federal tribe recognition and both seek such recognition in the current action. This Court finds that putative intervenor Wilton Miwok has a direct and "legally protectable" interest in the litigation as the matter now stands with the existing parties and that intervention does not expand the scope of litigation in an impermissible manner.

### 5. Scope of Intervention

This Court denies plaintiff's request that the Court limit the scope of Wilton Miwok's intervention in the underlying action to breach of the California Rancheria Act. The Court recognizes that at times the scope of a party's intervention can be limited. *See* FED. R. CIV. P. 24 (Advisory Committee Notes, 1966 Amendment) (indicating that intervention of right "may be

subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings"). However, in the current proceeding, the Court finds no reason to limit Wilton Miwok's participation to lesser than that which Wilton Miwok proposes in its proposed complaint-in-intervention.

### B.     Transfer to the Northern District of California

#### 1.     Legal Standard

Having decided the issue of intervention, this court now considers Wilton Miwok's proposed motion to transfer venue to the Northern District of California. Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts ordinarily accord significant deference to a plaintiff's choice of forum; however, many cases in this Circuit recognize that plaintiffs that neither reside in nor have a substantial connection to their chosen forum, are entitled to less deference. *DeLoach v. Phillip Morris Cos.*, 132 F. Supp. 2d 22, 24–25 (D.D.C. 2000) (citations omitted). Under this standard, courts are vested with discretion "to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 176–77 (D.D.C. 2007) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)); *see In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983) (defining courts' discretion as *broad*).

#### 2.     Application of Legal Standard

As a threshold matter, this Court first finds that plaintiff could have originally filed suit in the Northern District of California because of the *related Hardwick* litigation that has been

11

pending in that district since 1979. *Hardwick v. United States*, Case No. C79-1710 (N.D. Cal.).

The Court next finds that the interests of (1) the convenience of the parties and witnesses and (2) justice favor transfer to the Northern District of California. Both Me-Wuk Indian Community and Wilton Miwok are California residents that purport to represent members of a California Indian tribe. Defendant, although headquartered in Washington, D.C., has a national presence and a regional office in California—the BIA Pacific Regional Office—that has been involved in the Tribe's efforts to regain federal recognition. Additionally, the Secretary advocates transfer of this case to the Northern District of California. Considering these factors, the Court finds that the Northern District of California is convenient for the parties in this action. Further, that district should prove convenient to potential witnesses who may be called in the case.

Next, the Court holds that the interests of justice favor transfer to the Northern District of California. This Court finds that the "interests of justice are better served when a case is transferred to the district where related actions are pending." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 56 (D.D.C. 2000) (quoting *Martin-Trigona v. Meister*, 668 F. Supp. 1, 3 (D.D.C. 1987)). Moreover, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The Barge FBL-585 & Fed. Barge Lines, Inc.*, 364 U.S. 19, 26 (1960); *see Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 77 (D.D.C. 2004) (citing *In re Scott*, 709 F.2d 717, 721 n.10 (D.C. Cir. 1983)) (stating that "the fact that there is an ongoing case dealing with similar issues in another jurisdiction weighs very heavily in favor of a transfer under § 1404(a)"). Here, the facts and

legal claims of the underlying action currently before this court and both *Hardwick* and Wilton Miwok's pending California Suit overlap. Furthermore, this case has little connection with this District other than the fact that the Department of Interior is headquartered here. Given these circumstances, it will conserve judicial resources and be more efficient for the Northern District of California court to hear these claims.

### III.   CONCLUSION

For the reasons set forth above, the motion [11] to intervene filed by Wilton Miwok Rancheria will be GRANTED. Furthermore, this Court will order transfer of this case to the Northern District of California and defendant's motion [5] to transfer venue to the Eastern District of California will be DENIED.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on October 24, 2007.